IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER KERNS,
FDOC Inmate No. P32765,
    Plaintiff,

vs.                                                                        Case No.: 3:18cv1416/LAC/EMT

TOMMY MATHEWS, et al.,
    Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 8). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of the complaint, the undersigned recommends that this case be dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, an inmate of the Okaloosa County Jail ("the Jail") at the time of the events giving rise to the action, names three Defendants, each of whom was employed

at the Jail at the relevant time: Shift Commander Tommy Matthews, Captain Foley, and Lieutenant Huyghue (ECF No. 1 at 1, 2).[1] Plaintiff states that on May 27, 2018, he submitted a formal grievance to Jail officials regarding the air conditioning vents (ECF No. 1 at 5). He reported that he and his fellow inmates were unable to clean the vents and that the vents were leaking and dripping condensation "in [their] trays" (*id.*). Plaintiff complained that there was black mold "all around the vents" and, "[he's] sure, all through the duck work [sic]" (*id.*). Plaintiff stated in the grievance that he "would appreciate it if something [would] be done to prevent sickness and health damage" both to him and to his fellow inmates (*id.*).

Plaintiff next alleges that on May 29, 2018, Defendant Matthews was advised of the situation, but as of the date Plaintiff submitted the instant complaint (only about two weeks later, on June 14, 2018), no action had been taken to address the matter (ECF No. 1 at 5). Similarly, Plaintiff notes that Defendants Foley and Huyghue were advised of the situation on May 30, 2018, but still nothing had been done by June 14 (*see id.*).

---

[1] Plaintiff is now confined at Madison Work Camp, having been received by the FDOC on October 29, 2018. *See* Corrections Offender Network, Florida Department of Corrections, http://www.dc.state.fl.us/OffenderSearch/Search.aspx (last visited Dec. 13, 2018).

Case No.: 3:18cv1416/LAC/EMT

Plaintiff does not identify which of his constitutional rights were violated, but instead states that "everything under this case law has been violated and anything that pertains to this law" (ECF No. 1 at 7).  He also has included "381.0016" in the Statement of Claims section of his complaint (*id*. at 7).[2]  As relief, Plaintiff asks that someone from this district court "come in to clean the mold from in and off the vents" or "have something done about the situation" (*id*.).

The court is statutorily required to review Plaintiff's Complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] It appears Plaintiff is referring to Florida Statute § 381.0016, which provides: "Any county or municipality may enact, in a manner prescribed by law, health regulations and ordinances not inconsistent with state public health laws and rules adopted by the department."  Fla. Stat. § 381.0016 (2018).  The statute provides no basis for a federal claim, so the court will construe Plaintiff's claims as ones alleging unconstitutional conditions of confinement.

Case No.: 3:18cv1416/LAC/EMT

alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Case No.:  3:18cv1416/LAC/EMT

Iqbal, 556 U.S. at 679. In civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment. *See* Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 1872 n.16, 60 L. Ed. 2d 447 (1979) (using the Fifth Amendment Due Process Clause). Nevertheless, the standards are the same. Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) ("[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment to convicted persons.") ((quoting Hamm v. DeKalb Cnty., 774 F.2d 1567, 1574 (11th Cir. 1985)).

The Supreme Court has developed a two-part analysis to govern Eighth Amendment challenges to conditions of confinement. First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently

serious to violate the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992).  The challenged condition must be "extreme."  Id. at 9, 112 S. Ct. at 1000.  While an inmate "need not await a tragic event" before seeking relief, Helling v. McKinney, 509 U.S. 25, 33, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, id. at 35, 113 S. Ct. at 2481.  Moreover,

> the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement].  It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.  In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

Id. at 36, 113 S. Ct. at 2482.  The Eighth Amendment thus guarantees that prisoners will not be "deprive[d] . . . of the minimal civilized measure of life's necessities."  Rhodes, 452 U.S. at 347, 101 S. Ct. at 2399.

Second, the prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue.  Hudson, 503 U.S. at 8, 112 S. Ct. at 999 (marks and citation omitted).  The proper standard is

Case No.:  3:18cv1416/LAC/EMT

that of deliberate indifference.  Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991).  Negligence does not suffice to satisfy this standard, *id*. at 305, 111 S. Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result."  Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994).  In defining the deliberate indifference standard, the Farmer Court stated:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837, 114 S. Ct. at 1979.  Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted."  *Id*. at 844, 114 S. Ct. at 1982–83.  Consistent with foregoing standards, the Eleventh Circuit has stated that "deliberate indifference thus has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (marks and citation omitted).

      Here, it cannot be said that the conditions of which Plaintiff complains, mold and dripping vents, are sufficiently serious or extreme to run afoul of the Eighth

Amendment. While unpleasant, the conditions are not so grave as to violate contemporary standards of decency or otherwise amount to a constitutional deprivation. Put simply, the facts alleged by Plaintiff do not plausibly establish that any Defendant acted with a sufficiently culpable state of mind or knew of and disregarded an *excessive* risk to Plaintiff's health or safety. The failure of Defendants to correct the conditions once notified of them does constitute deliberate indifference but instead—*at most*—negligence, which is insufficient to satisfy the deliberate indifference standard. Plaintiff has therefore failed to state a claim on which relief may be granted.

Additionally, the relief Plaintiff seeks—essentially, that the Jail's vents be cleaned, the mold be removed, and the leaks be repaired—is moot. As previously noted, Plaintiff was transferred to Madison Work Camp after he commenced this case. *See* Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007) ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief."); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); McKinnon v. Talladega Cnty., 745 F.2d 1360, 1363 (11th Cir. 1984)

Case No.: 3:18cv1416/LAC/EMT

(inmate's transfer to a different jail moots claim for declaratory and injunctive relief). Furthermore, because there appears no reason to believe that Plaintiff will again be housed at the Jail, the narrow exception for cases that are "capable of repetition yet evading review" does not apply. *See* Strickland v. Alexander, 772 F.3d 876, 887 (11th Cir.2014).

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Plaintiff's complaint states no actionable claim, and the relief he seeks is moot. These pleading deficiencies cannot be cured by further amendment. Any additional processing of Plaintiff's claim would result in waste of scarce public resources. The undersigned thus concludes that this action should be dismissed for failure to state a claim on which relief can be granted.

Accordingly, it is **ORDERED** the:

The clerk is directed to modify the docket to reflect Plaintiff's current address: Madison Work Camp, 382 SW MCI Way, Madison, Florida 32340-4430.

And it is respectfully **RECOMMENDED** that:

1. This cause be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 14th day of December 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.